**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2136-14T4

HANN FINANCIAL,

      Plaintiff-Respondent,

   v.

VIVIAN OJOMO,

      Defendant-Appellant.

_____

      Submitted May 9, 2017 — Decided May 19, 2017

      Before Judges Fisher and Ostrer.

      On appeal from the Superior Court of New
      Jersey, Law Division, Special Civil Part,
      Essex County, Docket No. DC-011772-14.

      Vivian Ojomo, appellant pro se.

      Respondent has not filed a brief.

PER CURIAM

    According to her notice of appeal, defendant Vivian Ojomo appeals a trial court order entered on November 25, 2014. That order denied defendant's motion for reconsideration. In the comments contained in that order, the judge referred to an order he entered on November 14, 2014, that denied an earlier motion for

reconsideration; the judge stated in his November 25 order that defendant "has still failed to satisfy" the requirements of Rule 4:49-2. In the November 14, 2014 order, which has not been appealed, the judge referred to the requirements of Rule 4:49-2, which he stated required that such a motion "be served no later than 20 days" after service of the order in question, and that the motion "state with specificity the basis on which it is made, including a statement of [the] matters or controlling decisions which the movant believes the court has overlooked or as to which it has erred, and shall have annexed thereto a copy of the judgment or order sought to be reconsidered."

As best we can determine, this lawsuit would appear to be an action commenced by plaintiff for damages done to a vehicle leased by defendant from plaintiff. We know little more. The appendix filed by defendant includes only: a document that would appear to be a receipt given to defendant upon return of the vehicle; a one-page notice of motion apparently filed in the trial court by defendant for relief from a default judgment that offers no information as for the grounds presented by defendant in seeking that relief; one page of what purports to be partial handwritten answers to interrogatories; the November 25, 2014 order; and a two-page, unsigned document, which is labeled "supporting brief

of request for stay and appeal the civil court decision made without hearing case."[1]

In short, we have nothing before us that would permit an informed review of the sole issue presented in this appeal, which, in defendant's words, seeks reversal of "the November 25th order of the civil court decision and [a] remand [of] this case to the law division as appellant was not properly served and the trial court abused its discretion by not hearing oral arguments on this case."

Defendant's appendix is not in compliance with Rule 2:6-1(a)(1); to name a few omitted items, defendant has failed to provide us with: plaintiff's complaint; the judgment; any orders that preceded the two orders referred to above; and all relevant motion papers and opposition.[2] Even allowing for the fact that defendant is self-represented, we have no choice but to dismiss the appeal because we have not been provided with the information necessary to permit even a rudimentary understanding of the case and the issue raised. See Noren v. Heartland Payment Sys., 448 N.J. Super. 486, 500 (App. Div. 2017).

---

[1] That motion was denied.

[2] Obviously, this list is not all-inclusive. We have not been given enough information from which we might ascertain what else we would need to properly review the order from which defendant appeals.

Appeal dismissed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION